| | |
|---|---|
| FINEMAN KREKSTEIN & HARRIS P.C. | Attorneys for Defendant |
| By:  Susan J. French, Esquire | |
| Attorney I.D. No.:  PA 51112 | |
| By:  Hien T. Pham, Esquire | |
| Attorney I.D. No.:  PA 314478 | |
| Ten Penn Center | |
| 1801 Market Street, Suite 1100 | |
| Philadelphia, PA 19103 | |
| (215) 893-9300 | |
| sfrench@finemanlawfirm.com | |
| hpham@finemanlawfirm.com | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAWN P. LEWIS, | : | CIVIL ACTION |
|        Plaintiff | : | |
| | : | NO:    2:17-cv-01409 |
| v. | : | |
| | : | |
| MID-CENTURY INSURANCE | : | |
| COMPANY, | : | |
|        Defendant | : | |

_____

**Memorandum of Law in Support of Defendant's Motion *in Limine* to Preclude
Plaintiff From Presenting the Expert Testimony of Damon Faldowski, Esq. at Trial**
_____

{01659816;v2}

## **INDEX OF EXHIBITS**

Exhibit A    Civil Action Complaint

Exhibit B    Expert Report of Damon Faldowski, Esquire, dated August 29, 2018

Exhibit C    Curriculum Vitae of Damon Faldowski, Esquire

Exhibit D    Expert Report of Dr. David Oliver-Smith, dated October 6, 2016

Exhibit E    Curriculum Vitae of Dr. David Oliver-Smith

{01659816;v2}

## QUESTION INVOLVED

Should Defendant, Mid-Century Insurance Company's Motion *in Limine* to Preclude Plaintiff From Presenting the Expert Testimony of Damon Faldowski, Esquire at Trial be granted where Damon Faldowski is not qualified as an expert under FED.R.EVID. 702 and the *Daubert* standard because his opinion regarding the value of Plaintiff's claim is not based on any specialized knowledge, is based on facts not in the record and insufficient facts or data, and consists of impermissible legal conclusions and fact-finding which is the function of the jury?

**Suggested Answer:   YES**

## STATEMENT OF FACTS

The Complaint alleges that on October 22, 2013 Plaintiff was the restrained front seat driver of a heavy duty pick-up truck.  (*See* ¶ 6 of Civil Action Complaint, attached as Exhibit "A.")  Plaintiff alleges that he entered an intersection when he was struck by another vehicle attempting a left hand turn in front of him, striking Plaintiff's vehicle.  (Ex. A, ¶ 7.)  Plaintiff alleges that he sustained thoracic and lumbar back pain, with years of conservative treatment for bulging discs, a disc protrusion, and moderate bulges.  (Ex. A, ¶ 8.)  Plaintiff further avers that his treatment progressed to migraine headaches and radiating pain into his neck, head, arms, sciatica, feet and legs, ultimately resulting in an anterior cervical discectomy and fusion, with post-operative complications.  (Ex. A, ¶ 9.)

This case involves an underlying claim for uninsured motorist (UM) benefits and a claim for bad faith, arising out of the motor vehicle accident on October 22, 2013.  Plaintiff proposes to introduce at trial the expert testimony of attorney Damon Faldowski, Esquire "to provide . . . a value range of [Plaintiff's] claim."  (*See* Expert Report of Damon Faldowski, Esquire dated August 29, 2018, attached as Exhibit "B.")

Plaintiff does not allege in his Complaint that he suffered any psychological injuries, depression, or anxiety resulting from the motor vehicle accident. (*See* Ex. A.) Yet, Mr. Faldowski stated under the section of "Conclusion" that "[a]s a result of this collision, Shawn Lewis sustained physical injuries to his neck and low back and psychological trauma." (Ex. B at 10.) Mr. Faldowski concludes in his report: "Based upon the facts and circumstances surrounding this accident, the nature and extent of Mr. Lewis' accident related injuries, and their permanency, along with his age, it is my opinion that the value range of this case is between $350,000.00 and $500,000.00." (Ex. B at 10.) This value range does not include amounts for past, present, or future lost earnings or his lost earning capacity. (Ex. B at 1, 10.)

Mid-Century will file a Motion to Bifurcate the claims for trial.

## ARGUMENT

Under FED.R.EVID. 702 and the *Daubert* standards, the testimony of Plaintiff's expert, Damon Faldowski, Esquire is inadmissible at trial for the uninsured motorist (UM) claim and the bad faith claim under 42 Pa.C.S. § 8371, whether the claims are bifurcated or tried together to the same jury.

**I.     Legal Standard for Motions *in Limine*.**

"Motions *in limine* narrow the evidentiary issues for trial . . . ." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). Relevant evidence is defined as evidence having any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. FED.R.EVID. 401. The Court should "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED.R.EVID. 403; Irrelevant evidence is

not admissible.  FED.R.EVID. 402.  Any fact that is irrelevant or prejudicial is not admissible and must be precluded.  FED.R.EVID. 402 and 403.

Federal Rule of Evidence 702 governing testimony by expert witnesses states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702.  The party offering the expert testimony has the burden of proving admissibility by a preponderance of the evidence.  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 743-44 (3d Cir. 1994).  An expert witness's qualification stems from his or her "knowledge, skill, experience, training, or education."  FED.R.EVID. 702.  Therefore, the witness must have "specialized expertise" related to the nature of the witness's proposed opinions to serve as an expert.  *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003).  In *Kumho*, the U.S. Supreme Court addressed the applicability of the *Daubert* standards beyond "scientific" expert testimony finding that the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's expertise, and the subject of his testimony."  *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150 (1999).  FED.R.EVID. 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993).  Lack of qualifications is relevant to the reliability analysis and is a factor tending to discredit reliability.  *See* FED.R.EVID. 702; *see Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1317 (9th Cir. 1994).

In *Daubert*, the Supreme Court provided guidance to the federal district courts applying Federal Rule of Evidence 702 stating that "district courts serve as the gatekeepers and must determine the reliability of the proffered testimony."  *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993).  In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999), the Supreme Court made it clear that the objective of a district court's gatekeeping role "is to ensure the reliability and relevancy of expert testimony" and "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  In *Kumho*, the U.S. Supreme Court addressed the applicability of the *Daubert* standards beyond "scientific" expert testimony finding that the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's expertise, and the subject of his testimony."  *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150 (1999).  In *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997), the Court clarified the district courts' gatekeeping role holding as is at issue on this motion: a district court need not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."

The trial court must address a "trilogy of restrictions" before admitting expert testimony – qualification, reliability, and fit.  *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); *see also*, *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).  First, a proffered expert must possess specialized knowledge, training, or skill.  *Schneider*, 320 F.3d at 404 (citation omitted).  Second, for testimony to be considered sufficiently reliable, "it must be based on the 'methods and procedures of science' rather than on 'subjective belief or

unsupported speculation'' and "the expert must have 'good grounds' for his or her belief." *Id.* (quotation omitted).  Finally, the expert's testimony must "fit" or "be relevant for the purposes of the case and must assist the trier of fact."  *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (quoting *Schneider*, 320 F.3d at 405); *see also In re Paoli*, 35 F.3d at 743 ("[A]dmissibility depends in part on the proffered connection between the scientific research or test result to be presented and particular disputed factual issues in the case.") (quotation omitted).

II.    **The Testimony of Damon Faldowski, Esquire Should Be Excluded and He Is Not Qualified as an Expert Under FED.R.EVID. 702 and the *Daubert* Standard Because His Opinion Regarding the Value of Plaintiff's Claim Is Not Based on any Specialized Knowledge, Is Based on Facts Not in the Record and Insufficient Facts or Data, and Consists of Impermissible Legal Conclusions and Fact-Finding Which Is the Function of the Jury.**

Damon Faldowski is not qualified under FED.R.EVID. 702 and the *Daubert* standard to testify as an expert regarding the value of the claim in this case.  His opinions should be excluded at the trial of the UM claim and bad faith claim, whether they are bifurcated or not.  Damon Faldowski, Esquire is an attorney who gives his opinion as an attorney as to the value of Plaintiff's claim.  (*See* Curriculum Vitae of Damon Faldowski, Esquire, attached as Exhibit "C.")  He has no credentials as a medical doctor to evaluate and opine on the medical records as an expert.  (*See id.*)  His "methodology" is simply to review the medical records, police report, and Dr. David Oliver-Smith's 10/6/16 expert report and make factual findings and, based on his review of the evidence as he interprets them, give a value range that he thinks is warranted by the evidence presented to him.  (*See* Expert Report of Dr. David Oliver-Smith dated October 6, 2016, attached as Exhibit "D.")  This function is exactly that of a trier of fact, and Mr. Faldowski's opinion usurps that role.  *See Bergman v. United Servs. Auto. Ass'n*, 1999 PA Super. 300, ¶ 9, 742 A.2d 1101, 1105 (Pa. Super. 1999) (citation omitted) ("[E]xpert testimony should

not invite the fact-finder to abdicate its responsibility to ascertain and assess the facts and, instead, defer to the expert's opinion").

Mr. Faldowski's opinions are based on his interpretation of the medical records and other evidence, and therefore are impermissible legal conclusions; and by virtue of this, are not based on reliable methodology but his subjective interpretation of the evidence. *See Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 253-54 (W.D. Pa. 2012) (not permitting expert testimony regarding expert's construction of insurance policy because opinion on construction and coverage is not based upon reliable scientific methodology but expert's subjective interpretation of insurance case law) (citations omitted). Mr. Faldowski simply acts as another juror, not an expert with specialized knowledge. His report does not set forth what specific qualifications and expertise he has to render him an "expert" in reviewing medical records and other evidence and giving a value to the claim. Mr. Faldowski makes impermissible factual findings and states in his report that "in my opinion, the dumpster incident [of December 14, 2014] did not have any effect on the injuries he sustained in the motor vehicle accident of October 22, 2013." (*See* Ex. B at 9.)

Further, nowhere in his report does he indicate the method at which he arrived at the value range between $350,000.00 and $500,000.00 and how he made his calculations. Mr. Faldowski's opinion of the value of the claim is based on his mere review and evaluation of medical records and reliance on Dr. David Oliver-Smith's expert report. This does not demonstrate any specialized knowledge that would help the triers of fact to decide the facts of this case, who are equally capable of placing a value on a claim after considering the evidence presented at trial. Furthermore, Mr. Faldowski's valuation of the case predominately relies on Dr. Oliver-Smith's report which states without factual support that Plaintiff's psychological

issues such as depression and anxiety were allegedly caused by the 10/22/13 motor vehicle accident.  Dr. Oliver-Smith is not a psychologist or psychiatrist.  Dr. Oliver-Smith's Curriculum Vitae does not indicate that he has a background or licensure in the field of mental health.  (*See* Curriculum Vitae of Dr. David Oliver-Smith, attached as Exhibit "E.")  Dr. Oliver-Smith's 10/6/16 report states that Plaintiff requested "a narrative summary of [his] treatment of Mr. Lewis."  But Dr. Oliver-Smith did not treat Plaintiff for his psychological issues and therefore it was not within his specialized knowledge to opine on matters unrelated to his treatment of Mr. Lewis.  Dr. Oliver-Smith's "opinion" consists of two conclusory statements without stating the factual support for these conclusions: "I recommend referral to a psychiatrist because of his anxiety and depression" and "[p]ermanent injuries resulting from the motor vehicle accident include . . . psychological issues including anxiety and depression."  (*See* Ex. D at 3.)

      Further, Dr. Oliver-Smith's report contains inadmissible opinions regarding whether the cervical fusion surgery was necessitated by the 10/22/13 motor vehicle accident and the causation/source of Plaintiff's psychological conditions such as depression and anxiety.  In addition to the below arguments, the grounds for excluding Dr. Oliver-Smith's opinions on these matters are set forth in further detail in Defendant's Motion *in Limine* to preclude his expert testimony at trial.  Mr. Faldowski's valuation is based on Dr. Oliver-Smith's opinion, which in turn is inadmissible regarding the causation/source of his psychological injuries because Dr. Oliver-Smith is not qualified to make this assessment and did not treat Plaintiff for his mental injuries/issues.

      Mr. Faldowski's report states that the Emergency Room records for Plaintiff's treatment at Heritage Valley Hospital – Beaver from May 3, 2017 to June 5, 2017 indicate that Plaintiff complained of "significant stress due to chronic back pain and financial problems."  (Ex. B at 7.)

This statement renders Dr. Oliver-Smith's opinion regarding causation of Plaintiff's psychological injuries and in turn Mr. Faldowski's valuation unreliable testimony because Plaintiff's psychological conditions are also attributable to "financial problems," the source of which Mr. Faldowski's report does not address or question.  Dr. Oliver-Smith's opinion that Plaintiff's "permanent" depression and anxiety resulted from the motor vehicle accident is unreliable because it is based on assumed facts not in the record.  Dr. Oliver-Smith does not cite to any medical or psychological records to support his blanket opinion regarding causation.  He is not qualified as a neurosurgeon to make this assessment.  None of Plaintiff's treating providers for his psychological conditions offered a causation opinion of Plaintiff's psychological conditions.

Dr. Oliver-Smith's report states that he referred Plaintiff to a psychiatrist due to Plaintiff's complaints of depression and anxiety.  His report does not state that he viewed medical or psychological records that related the psychological conditions to the motor vehicle accident.  Dr. Oliver-Smith's 10/6/16 report, which pre-dated Plaintiff's diagnosis of Major Depressive Disorder, single episode of 2017 with a noted history of depression, also states that Plaintiff's depression and anxiety are "permanent injuries."  (Ex. D at 3); (*see* Ex. B at 7.)  First, Dr. Oliver-Smith's report does not state the basis for his contention that the psychological conditions are permanent injuries.  This opinion is not supported by and not based on sufficient facts or data.  *See* FED.R.EVID. 702.  Second, Dr. Oliver-Smith is not qualified to make the evaluation of whether Plaintiff's psychological injuries allegedly resulting from the motor vehicle accident are permanent or not.  His report and Curriculum Vitae lack any indication that he has the knowledge, skill, experience, training, or education in mental health and psychological disorders and any specialized knowledge to be qualified to testify as an expert in this area.  *See*

FED.R.EVID. 702.  Third, the basis for this opinion is Plaintiff's self-reported complaints of depression and anxiety.  Fourth, the Complaint filed on October 16, 2017 does not contain any allegations of psychological injuries.

Mr. Faldowski's valuation opinion is also unreliable because Dr. Oliver-Smith does not offer an opinion that Plaintiff suffered any back injuries as a result of the accident in question and it is therefore based on facts not in the record.  (*See, e.g.,* Ex. D at 3, "Permanent injuries resulting from the motor vehicle accident include chronic neck pain, some swallowing difficulties, psychological issues including anxiety and depression, and a 15% increased likelihood of problems at adjacent levels to his surgery requiring further surgical intervention.").

Further, Mr. Faldowski's 8/29/18 report purports to provide a value of the claim based on psychological injuries which were not alleged in the Complaint.  Plaintiff's bad faith expert, John Kezer never mentioned the failure to consider psychological injuries as a ground for Plaintiff's claim that Mid-Century failed to perform a reasonable and fair investigation and evaluation of Plaintiff's UM claim and properly value Plaintiff's UM claim.  This is also not a situation where the proposed expert testimony assists the trier of fact regarding a plaintiff's future medical care or the fair-market value of a property, both of which constitute technical or other specialized knowledge of a person with the knowledge, skill, experience, training, or education, whose testimony will help the trier of fact to understand the evidence or to determine a fact in issue.  *See* FED.R.EVID. 702.  To the contrary, the evaluation of evidence of record and placing a number value on the damages is the function of the trier of fact – in this case, the jury.

Moreover, should the UM claim and bad faith claim be bifurcated for trial but presented to the same jury, and Mr. Faldowski is permitted to testify in the UM claim, he should not be permitted to testify in the trial of the bad faith claim because it is for the jury to decide the cause

of the physical and psychological injuries and the value of the claim.  Based on the foregoing reasons, Mr. Faldowski's opinions do not rest on a reliable foundation, are based on assumed facts not of record or insufficient facts, and nor are they derived from specialized knowledge outside the ken of a trier of fact.  His opinion on the value of the case and the factual findings on which it is based should be excluded.  *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993) (FED.R.EVID. 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").

## **CONCLUSION**

Defendant, Mid-Century Insurance Company respectfully requests that this Honorable Court enter the proposed Order, granting Defendant's Motion *in Limine* to Preclude Plaintiff From Presenting the Expert Testimony of Damon Faldowski, Esquire at Trial.

                                                Respectfully submitted,

                                                FINEMAN KREKSTEIN & HARRIS P.C.

By:    //s/ Susan J. French
           Susan J. French, Esquire
           Attorney I.D. No.:  51112
           /s/ Hien T. Pham
           Hien T. Pham, Esquire
           Attorney I.D. No.:  314478
           Ten Penn Center
           1801 Market Street, Suite 1100
           Philadelphia, PA 19103
           (215) 893-9300
           sfrench@finemanlawfirm.com
           hpham@finemanlawfirm.com

Dated:  December 6, 2019                        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I, Susan J. French, Esquire, hereby certify that a true and correct copy of the foregoing Defendant's Motion *in Limine* and Memorandum of Law have been electronically filed with the Court and served, via the Court's electronic filing system, on the below listed counsel of record, on the date indicated below:

Andrew G. Rothey, Esquire
Jon R. Perry, Esquire
Rosen, Louik & Perry, P.C.
437 Grant Street, Suite 200
The Frick Building
Pittsburgh, PA  15219
*Attorneys for Plaintiff*

Rosemary A. Marchesani, Esquire
Cipriani & Werner P.C.
650 Washington Road, Suite 700
Pittsburgh, PA 15228
*Co-Counsel for Defendant*

|  |  |
|---|---|
|  | FINEMAN KREKSTEIN & HARRIS P.C. |
| By: | /s/ Susan J. French |
|  | Susan J. French, Esquire |
|  | Attorney I.D. No.:  51112 |
|  | Ten Penn Center |
|  | 1801 Market Street, Suite 1100 |
|  | Philadelphia, PA 19103 |
|  | (215) 893-9300 |
|  | sfrench@finemanlawfirm.com |
| Dated:  December 6, 2019 | Attorneys for Defendant |

{01659816;v2}